### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

CURTIS JORDAN                                                     PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:06-cv-233-WHB-LRA

MISSISSIPPI STATE DEPARTMENT OF HEALTH, ET AL.          DEFENDANTS


### OPINION AND ORDER

This cause is before the Court on the Motion of Defendants to Dismiss, which is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court has considered the Motion, Response, Rebuttal, as well as supporting and opposing authorities and finds that the Motion should be granted in part, and denied in part.


### I.  Factual Background and Procedural History

Plaintiff, a fifty-six year old African American, was hired by Defendant the Mississippi State Department of Health ("MSDH") on October 20, 1997, and was terminated from his employment on February 7, 2005. Plaintiff alleges that although he was evaluated numerous times and did not receive any reprimands or "negative reflections" from his supervisors, he was terminated for allegedly falling below performance standards.  See Compl. ¶¶ 13, 16. Plaintiff also alleges that prior to his termination, Defendants failed to abide by the Mississippi State Employee Handbook, failed to use any corrective measures to improve his performance, and

failed to follow the rating and performance guidelines used by the State.  <u>Id.</u> at ¶ 16.  Finally, Plaintiff alleges that white, female, and/or younger employees who had the same or similar job performance as him were not terminated.

Plaintiff apparently filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and received a Right to Sue Letter on January 25, 2006.  Plaintiff filed his initial Complaint in this Court on April 25, 2006, and filed an Amended Complaint on August 25, 2006, alleging claims of discrimination on the bases of gender and race in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000 *et seq.* ("Title VII"); claims of discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 621, *et seq.* ("ADEA"); and a claim of emotional distress against the MSDH, Dr. Brian W. Amy ("Amy"), Jim Craig ("Craig"), and Deborah Joy Sennett ("Sennett").[1]  Plaintiff also alleges that his claims are authorized under 42 U.S.C. §§ 1981 and 1983. Defendants now move for dismissal of this case.

## II.  Rule 12(b)(6) Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "viewed with disfavor" and

---

[1]  As Plaintiff has alleged claims arising under federal law, the Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

"rarely granted."  Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242,

247 (5th Cir. 1997).  When considering such motion, the Court must

liberally construe the allegations in the complaint in favor of the

plaintiff and accept all pleaded facts as true.  Martin K. Eby

Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th

Cir. 2004).  As recently explained by the United States Court of

Appeals for the Fifth Circuit:

> To survive a Rule 12(b)(6) motion to dismiss, the
> plaintiff must plead 'enough facts to state a claim to
> relief that is plausible on its face.'  Bell Atl. Corp.
> v. Twombly, — U.S. —, 127 S. Ct. 1955, 1974 (2007).
> 'Factual allegations must be enough to raise a right to
> relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even
> if doubtful in fact).'  Id. at 1965.

In re Katrina Canal Breaches Lit., — F. 3d — No. 07-30119, 2007 WL

2200004, at *10 (5th Cir. Aug. 2, 2007).  This same rule applies

"when immunity is urged as a defense by a motion to dismiss."

Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare, 925 F.2d

844, 846 (5th Cir. 1991).


## III.   Legal Analysis

### A.   Claims Against MSDH

The MSDH moves for dismissal of Plaintiff's claims on the

basis of Eleventh Amendment immunity.  The Eleventh Amendment to

the United States Constitution "bars an individual from suing a

state in federal court unless the state consents to suit or

Congress has clearly and validly abrogated the state's sovereign

immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326

(5th Cir. 2002) (citing U.S. CONST. amend. XI; College Sav. Bank v.

Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670

(1999)).   The scope of the immunity provided by the Eleventh

Amendment "extends to any state agency or entity deemed an "alter

ego" or "arm" of the state."  Id. at 326 (citing Vogt v. Board of

Comm'rs, 294 F.3d 684, 688–89 (5th Cir. 2002)).  The first issue to

be decided by the Court is whether the MSDH is an "arm of the

state" for the purposes of protection under the Eleventh Amendment.

To determine whether a state agency is an arm of the state,

the Court considers six factors:

> (1) whether state statutes and case law view the entity
> as an arm of the state; (2) the source of the entity's
> funding; (3) the entity's degree of local autonomy; (4)
> whether the entity is concerned primarily with local, as
> opposed to statewide, problems; (5) whether the entity
> has the authority to sue and be sued in its own name; and
> (6) whether the entity has the right to hold and use
> property.

Id. at 326–27.  The Fifth Circuit has found that although none of

the above referenced factors is dispositive, "the source of an

entity's funding [is] a particularly important factor because a

principal goal of the Eleventh Amendment is to protect state

treasuries."  Id. at 327 (citing Hudson v. City of New Orleans, 174

F.3d 677, 682 (5th Cir. 1999)).

First, it is clear that under Mississippi statutory law the

MSDH is an arm of the state.  See MISS. CODE ANN. § 41-3-15 (creating

the MSDH as part of the Mississippi State Board of Health

("MSBH")); MISS. CODE ANN. § 41-3-1 *et seq.* (establishing a statutory
scheme governing the organization, administration, and regulation
of the MSBH and the MSDH, and enumerating the purposes, powers, and
duties of those organizations).  Second, the MSDH is funded by the
State.  See MISS. CODE ANN. § 27-107-14 (permitting the MSDH to apply
to the Mississippi Department of Finance and Administration for
changes in its annual budget); MISS. CODE ANN. § 41-103-1 (financing
the Task Force on Heart Disease and Stroke Prevention through the
annual appropriation to the MSDH).  Third, it is apparent that the
MSHD and MSBH have little autonomy as they are under the direct
control of the Mississippi governor, who, with the consent of the
Mississippi Senate makes all appointments to the Board, see MISS.
CODE ANN. § 41-3-1, and the Legislature.  See MISS. CODE ANN. § 41-3-
15(4) (prescribing the authority of the MSBH and MSDH).  Fourth,
the MSDH and MSBH are charged with establishing programs to promote
health, safety, and well being throughout the State, and not only
on the local level.  See MISS. CODE ANN. § 41-3-15(3) (providing:
"The State Board of Health shall have general supervision of the
health interests of the people of the state and to exercise the
rights, powers and duties of those acts which it is authorized by
law to enforce."); MISS. CODE ANN. § 41-3-15(5)(a) (providing: "The
State Board of Health shall have the authority, in its discretion,
to establish programs to promote the public health, to be
administered by the State Department of Health" including programs

addressing maternal and child health, occupational safety and
health, sanitation in food handling establishments open to the
public, and such other public health programs and services as
assigned to the State Board of Health by the Legislature or by
executive order).  As regards the fifth and sixth factors, the MSDH
apparently has the power to sue and be sued, see e.g. St. Dominic-
Jackson Mem'l Hosp. v. Mississippi State Dept. of Health, 910 So.
2d 1077 (Miss. 2005); Pounds v. Mississippi Dept. of Health, 946
So. 2d 413 (Miss. Ct. App. 2006), and has the authority to hold
property.  See  MISS. CODE ANN. § 41-3-15(4) (providing that the MSBH
has the authority "[t]o accept gifts, trusts, bequests, grants,
endowments or transfers of property of any kind.").

     Having considered all of the relevant factors, the Court finds
the MSDH is an arm of the State of Mississippi and is, therefore,
entitled to immunity under the Eleventh Amendment to the United
States Constitution.   See e.g. Champagne v. Jefferson Parish
Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999) (finding that
although the defendant could be sued and hold property, these
factors were outweighed by the others).  This immunity shields the
MSDH from Plaintiff's claims arising under the ADEA.  See Kimel v.
Florida Bd. of Regents, 528 U.S. 62 (2000) (finding that the ADEA
does not abrogate Eleventh Amendment immunity).   Likewise, the
immunity provided by the Eleventh Amendment bars Plaintiff's
Section 1981 and 1983 claims against the MSDH.  See Sessions v.

Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. 1981) (finding that "Section 1981 contains no congressional waiver of the state's eleventh amendment immunity"); Champagne, 188 F.3d at 313 ("Section 1983 does not abrogate Eleventh Amendment immunity") (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)); Aguilar v. Texas Dept. of Criminal Justice, 160 F.3d 1052, 1053 (5th Cir. 1998) ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983.").  The MSDH is not, however, entitled to Eleventh Amendment immunity on Plaintiff's Title VII claims.  See Perez, 307 F.3d at 326 n.1 (finding that the Fifth Circuit has "long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII.") (citing Ussery v. Louisiana ex rel. La. Dep't of Health & Hosps., 150 F.3d 431, 434-35 (5th Cir.1998)).

The Court finds, as Plaintiff's claims under the ADEA, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 against the MSDH are barred by Eleventh Amendment immunity, Plaintiff has no possibility of recovering on those claims and, therefore, that they should be dismissed.  Plaintiff may, however, proceed on his Title VII claim against the MSDH.

**B.   Claims Against Defendants Amy, Craig, and Sennett**

Defendants Amy, Craig, and Sennett are presumably sued in both their official and individual capacities.   Beginning with

Plaintiff's claims arising under Title VII against these defendants, the Fifth Circuit has repeatedly held that "[o]nly "employers," not individuals acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under title VII." Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994). See also Harvey v. Blake, 913 F.2d 226, 227–28 (5th Cir. 1990). As further explained in Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998):

> A supervisor is considered an "employer" under title VII if he wields the employer's traditional rights, such as hiring and firing....
>
> This power is necessarily exercised, however, by a person who acts as an agent of the corporate or municipal body he represents. Because the wrongful acts are performed in his official capacity, any recovery against that person must be against him in that capacity, not individually. Further, if [a supervisor] acted only in his individual capacity, he did not act as an "employer" and would not be liable under Title VII to the extent that he acted individually. Thus, a public official cannot be held liable in his individual capacity for backpay damages under title VII.

(alterations in original) (internal citations omitted). This same standard applies to claims brought under the ADEA. See Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996) (holding: "[T]he ADEA provides no basis for individual liability for supervisory employees."). Accordingly, under Fifth Circuit precedent, the Court finds that Plaintiff has no possibility of recovering on his Title VII or ADEA claims alleged against Amy, Craig, or Sennett in

their individual capacities and, therefore, that these claims should be dismissed.

As regards the ADEA claims alleged against Amy, Craig, and Sennett in their official capacities, the United States Supreme Court has found:

> Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985).  As such, it is no different from a suit against the State itself.  <u>See</u>, <u>e.g.</u>, <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-166 (1985); <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 690 n.55 (1978).

<u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989) (alterations in original).  As Plaintiff's ADEA claims against Amy, Craig, and Sennett in their official capacities are treated as claims against the State of Mississippi, and as Mississippi is immune from such claims under the Eleventh Amendment, the Court finds that Amy, Craig, and Sennett are likewise immune from these claims.  <u>See</u> <u>e.g.</u> <u>Bates v. University of Tex. Med. Branch</u>, 425 F. Supp. 2d 826, 837 (S.D. Tex. 2003) (dismissing ADEA claims against Chief Administrative Officer and  Associate Vice President in his official capacity on the basis of Eleventh Amendment Immunity). Accordingly, the Court finds that Plaintiff has no possibility of recovering on his ADEA claims as alleged against Amy, Craig, and Sennett in their official capacities and, therefore, that these claims should be dismissed.

As regards Plaintiff's Title VII claims against Amy, Craig, and Sennett in their official capacities, the Fifth Circuit has explained:

> While Title VII defines the term employer to include "any agent" of an employer, see 42 U.S.C. § 2000e(b), this circuit does not interpret the statute as imposing individual liability for such a claim. Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII. Thus, a Title VII suit against an employee is actually a suit against the corporation.
>
> This court has also concluded that outside of an action against an officer personally, a plaintiff does not have an action against both the corporation and its officer in an official capacity. [Thus a] plaintiff is not entitled to maintain an action against both a corporation and its agent in an official capacity [in a Title VII action] because effectively the corporation could be held liable twice for the same act.

Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999) (alterations in original) (citations omitted). See also Desai v. Mississippi Comm'n For Volunteer Serv., Civil Action No. 3:05cv583, 2006 WL 2701168, at *2 (S.D. Miss. Sept. 19, 2006) (citing multiple Fifth Circuit cases which "have made clear that Title VII liability may not be imposed against both an employer and its agent as employer", and dismissing Title VII claims against the Executive Director of a state agency on the basis that the plaintiff could not maintain a Title VII claim against both the agency and his supervisor); Chustz v. City of New Orleans, No. Civ. A. 01-3118, 2002 WL 31556353, at *12-13 (E.D. La. Nov. 15, 2002) (dismissing Title VII claims against Mayor in his official capacity

on the basis that "a party may not maintain a suit against both an employer and its agent under Title VII.").

The Court finds that Plaintiff cannot simultaneously pursue a Title VII claim against both his employer the MSDH, and Amy, Craig, and Sennett in their official capacities under controlling Fifth Circuit precedent.  Accordingly, the Court finds Plaintiff has no possibility of recovering on his Title VII claims as alleged against Amy, Craig, and Sennett in their official capacities and, therefore, that these claims should be dismissed.

With regard to Plaintiff's Section 1981 claim, the Fifth Circuit has found that a plaintiff cannot maintain an independent cause of action under Section 1981 against a governmental official in his official capacity.  See Oden v. Oktibbeha County, Miss., 246 F. 3d 458, 464 (5th Cir. 2001) (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989) for the proposition that Section 1981 does not provide a separate cause of action against local government entities but, instead, that a plaintiff must assert a cause of action against state actors under Section 1983 to remedy violations of civil rights under Section 1981).  See also Felton v. Polles, 315 F.3d 470, 480-82 (5th Cir. 2002).  Likewise, with regard to a Section 1983 claim, "neither a State nor its officials acting in their official capacities are "persons" under § 1983." Will, 491 U.S. at 71.  See also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002)(finding that the Eleventh Amendment bars the

11

recovery of monetary damages against state employees acting in their official capacities).  Although state officials may be sued under Section 1983 for prospective or injunctive relief, see Scanlon v. Department of Mental Health, 828 F. Supp. 421, 424 n.4 (S. D. Miss. 1993),[2] Plaintiff has not sought any injunctive relief but, instead requests only monetary damages.  Accordingly, the Court finds that Plaintiff has no possibility of recovering on his Section 1981 or Section 1983 claims against Amy, Craig, or Sennett in their official capacities and, therefore, that these claims should be dismissed.

Finally, Defendants Amy, Craig, and Sennett move for dismissal of Plaintiff's Section 1981 and 1983 claims alleged against them in their individual capacities on the basis of qualified immunity. The defense of qualified immunity is available to state actors who are sued under both 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  See Foley v. University of Houston Sys., 355 F.3d 333, 338 (5th Cir. 2003).  Qualified immunity provides a shield from civil liability to officials whose conduct does not reasonably violate a clearly established constitutional or statutory right.  Davis v. Sherer, 468 U.S. 183, 194 (1984).  See also Johnston v. City of Houston, 14

---

[2]   In Scanlon, the court found that under Will, state officials in their official capacities may not be sued under § 1983 for damages or other retrospective relief, but may be sued for prospective relief even though states and state agencies are not likewise subject to such liability. Scanlon, 828 F. Supp. at 424, n.4.

F.3d 1056, 1059 (5th Cir. 1994) ("Whether a government official is entitled to qualified immunity generally turns on the objective reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken.")(alternations in original)(citations omitted). The defense of qualified immunity, however, only applies to claims alleged against officials in their individual, and not their official, capacities.  Foley, 355 F.3d at 337.

The Court undertakes a two-step analysis to determine whether a defendant may successfully avail himself to the defense of qualified immunity.  First, the Court must determine whether the plaintiff has alleged a violation of constitutional or statutory rights.  If such violation is alleged, the Court next considers "whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law."  Hare v. City of Corinth, 135 F.3d 320, 325-26 (5th Cir. 1998)(citing Rankin v. Klevenhagen, 5 F.3d 103, 108 (5th Cir. 1993) ("When evaluating whether a plaintiff stated a constitutional violation, we look to currently applicable constitutional standards.  However, the objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question."))(alterations in original)(quotations and citations

omitted).  See also Anderson v. Creighton, 483 U.S. 635, 638 (1987)
(finding that qualified immunity shields government officials
provided "their actions could reasonably have been thought
consistent with the rights they are alleged to have violated.").

As a preliminary consideration, in cases in which the
defendant claims he is entitled to qualified immunity, the
complaint must be analyzed under a "heightened pleading
requirement."  See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir.
1996).  Under this standard, a plaintiff is not permitted to plead
"bald allegations" and/or "conclusory statements."  Wicks v.
Mississippi St. Employment Servs., 41 F.3d 991, 994-95 (5th Cir.
1995).  Instead, the plaintiff must plead facts "specifically
focusing on the conduct" of the defendant which, if proven, would
demonstrate that the defendant had violated a clearly established
constitutional or statutory right.  Id.

In his Amended Complaint, Plaintiff alleges, generally, that
prior to his termination the procedures in the Mississippi State
Employee Handbook were not followed, that Defendants failed to use
corrective measures to improve his performance, and that Defendants
failed to follow the rating and performance guidelines adopted by
the State of Mississippi.  The Court finds that while these
allegations are sufficient to satisfy the notice pleading standard
of the Federal Rules of Civil Procedure, they are not sufficient to
satisfy the heightened pleading standard required to address a

claim of qualified immunity.  See Reyes v. Sazan, 168 F.3d 158, 160

(5th Cir. 1999) (finding that "[h]eightened pleading requires

allegations of fact focusing specifically on the conduct of the

individual who caused the plaintiffs' injury."); Wicks, 41 F.3d at

995 (finding that under the heightened pleading requirement, a

plaintiff must allege the particular facts forming the basis of his

claim including those facts that would prevent the defendant from

successfully maintaining a qualified immunity defense).    In

accordance with Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995), the

Court finds that Plaintiff should be required to file a reply

pursuant to Rule 7(a) of the Federal Rules of Civil Procedure,

which is tailored to Defendants' claim of qualified immunity,

before this issue is considered by the Court.[3]  See Id. at 1433–34.

Accordingly, the Court will permit Plaintiff to file a Rule 7(a)

reply to Defendants' claim of qualified immunity.  As this reply

may have bearing on the arguments raised by the parties in support

of, or in opposition to, the subject Motion to Dismiss, the Court

---

[3]  The record shows that on November 10, 2006, Defendants Amy,
Craig, and Sennett filed a Motion to Require Specific Reply to
Defendants' Immunity Defenses.  The Magistrate Judge agreed that
Defendants were entitled to additional information, but declined
issuing an Order on the basis that additional information had been
provided in Plaintiff's response to the Motion.
     The Court questions the magistrate judge's ruling.  First,
under current Fifth Circuit precedent, a plaintiff is required to
submit a Rule 7(a) pleading when responding to a defendant's
qualified immunity challenge.  Second, the Court finds that the
allegations in Plaintiff's response do not satisfy the heightened
pleading standard.

finds that the Motion to Dismiss on the issue of qualified immunity should presently be denied, without prejudice, thereby allowing Defendants to resubmit this motion if they so chose after Plaintiff files his Rule 7(a) reply.

### III.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Dismiss [Docket No. 37] is hereby granted in part and denied in part.

The Motion is granted as to Plaintiff's ADEA, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 claims against the Mississippi State Department of Health, and these claims are hereby dismissed.

The Motion is granted as to Plaintiff's ADEA and Title VII claims against Defendants Dr. Brian Amy, Jim Craig, and Deborah Joy Sennett in their official and individual capacities, and these claims are hereby dismissed.

The Motion is granted as to Plaintiff's 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims against Defendants Dr. Brian Amy, Jim Craig, and Deborah Joy Sennett in their official capacities, and these claims are hereby dismissed.

The Motion is denied as to Plaintiff's Title VII claims against the Mississippi State Department of Health.

The Motion is denied, without prejudice, as to Plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 against Defendants Dr. Brian Amy, Jim Craig, and Deborah Joy Sennett in their individual capacities.  These defendants may resubmit their motion to dismiss on the basis of qualified immunity if they so chose after Plaintiff files his Rule 7(a) Reply.

IT IS FURTHER ORDERED that Plaintiff shall file a reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure addressing the qualified immunity defense asserted by Dr. Brian Amy, Jim Craig, and Deborah Joy Sennett on or before August 29, 2007.

IT IS FURTHER ORDERED that the stay previously entered in this case shall be continued until September 21, 2007.  The Court will consider extending the stay only upon motion of the parties.

SO ORDERED this the 16th day of August, 2007.


                                   s/ William H. Barbour, Jr.
                                   UNITED STATES DISTRICT JUDGE